I would like to address the sole issue on this appeal of whether the passage of time between the first Miranda advisements rendered his confessions in the second interrogation admissible. And we submit that the two interrogations were so disconnected in time, place, and subjects as to have required a second administration of the Miranda warnings. First, though this is not self-dispositive, the interrogations took place two days apart. So there was a substantial period of time between them. Additionally … But even if it were a direct appeal to us from a Federal conviction, don't we have authority that says two days isn't too long, or isn't by itself too long? Well, I agree that by itself it's not dispositive, the two days, but it is a significant factor. It is one of the factors that the Court can take account of. The second factor is that it took place in two different locales. The first interrogation took place in the Chino's Sheriff's Substation, and the second interrogation took place miles apart in the West Valley Detention Center. And significantly, the interviews involved different subjects and subject matter. The first interrogation involved Nazario and the lewd and mischievous conduct that was involved in that incident, in which there was actually a physical touching and the incident itself was a felony. The second interview involved two different individuals, Brandon and Troy, in which the conduct involved misdemeanor conduct in which the defendant pulled down the minor's bathing trunks and saw their private parts. Can I ask you two questions, counsel? Well, first, am I correct that this only goes to the only challenge is to the two misdemeanor counts? Yes. Secondly, what is your best case for invalidating this? And the second question, there seem to be no significant cases in support of our position. No, no. So a lot of versus spring doesn't help you. Which case that Colorado versus spring doesn't help you. I thought Colorado versus spring worked against us because it doesn't help. Because in that case, it held up anything that does help. I just think the the law itself and the facts themselves. OK. There's not. But there's no authority you would point to that would support your position. There's no authority other than the general principles that are involved in that if the incidents were so disconnected in time and place that this would have required a second admonition. Another factor was that when the defendant waived his Miranda rights at the first interrogation, he waived them in terms of of the interview being conducted about the incident with Nazario. Suppose during that interrogation, he'd started talking about somebody else. Would that make the discussion about somebody else inadmissible? No, Your Honor. But this but the waiver is not limited to an identified subject, is it? No, but it is a factor going toward an indication that he that that in the second interrogation, he did not he may did not he may not have remembered the Miranda warnings from the first warning. And of significance, if he recalled them and he said he did, he did say that. Yes, Your Honor. But it wouldn't be kind of speculative for us to say that he might not have remembered it. Well, in in both instances, the defendant was particularly upset in the first incident. He was crying. And. It's difficult to believe that he would remember in detail, considering the. His mental condition at the first interrogation, when he was crying and when he was obviously very disconcerted that he would remember his waivers two days later at the second hearing on those facts, I would submit and reserve the time for. Thank you, counsel. May it please the Court. Charles Ragland, deputy attorney general for Respondent Warden Duncan. Briefly, Your Honors, the two interrogations weren't so far apart in time, place and subject matter. First, in terms of the place, they were at different facilities, but they were both done in interview rooms by the same questioner, Detective DiMatteo. So they were quite similar in that respect. The two days, as this court has alluded to, has been routinely upheld by this court and other courts. And in fact, other circuits have upheld time gaps of up to 12 days. Now, the subject matter, as this court has noted, Colorado Spring says that that's not a relevant factor to consider. The defendant does not need to be aware of where the subject matters will roam during the interrogation. Only the other rights that were given here. But I think the most salient fact in this case is that the detective asked him if he remembered the rights from two days previously. And he said, yes, he did. And he asked him, with those rights in mind, do you still want to talk? And he said, yes, he wanted to talk. With that, I'll submit unless there are any questions from the court. Thank you. Thank you. Case just argued will be submitted. The next case on the calendar for oral argument is U.S. versus Pelicano.
judges: Reinhardt, O'scannlain, Clifton